452 A.2d 545
**June WIBLE, Appellant**

v.

**Grace APANOWICZ and U.S. Fleet Leasing, Inc.**

Superior Court of Pennsylvania.

Argued May 10, 1982.

Filed Nov. 5, 1982.

Barry L. Gross, Philadelphia, for appellant.

Dale Patrick Kennedy, Philadelphia, for appellees.

Before CAVANAUGH, CIRILLO and HOFFMAN, JJ.

HOFFMAN, Judge:

Appellant contends that the lower court erred in granting appellee's motion for summary judgment. Specifically, she alleges that the court improperly calculated the time available for reinstating a complaint, or that appellee was arguably estopped from asserting the statute of limitations because she had frustrated service by giving false addresses. Finding appellant's contentions without merit, we affirm the lower court's order.

On May 10, 1976, appellant was involved in an auto accident with appellee, Grace Apanowicz, who was driving a car leased by her employer from appellee U.S. Fleet Leasing. Ms. Apanowicz gave the police an incorrect address for herself and her employer's address. On March 30, 1978, appellant filed a complaint in trespass against appellees at the addresses shown in the police report. The sheriff indicated by return of service on April 19, 1978 that he could not serve process. On April 2, 1980, appellant, having discovered the correct addresses, filed a reinstated complaint, that was subsequently served upon appellees. Appellees asserted the statute of limitations in new matter and moved for summary judgment on grounds that appellant had reinstated the complaint two days beyond the two year statute of

limitations period. The lower court granted summary judgment to Ms. Apanowicz, and this appeal followed.

■■■ Appellant contends first that the lower court incorrectly calculated the time available for reinstating the complaint. Appellant argues, alternatively, that the limitations period for reinstating a complaint should begin either thirty days following the filing of the complaint, or on an earlier day when the plaintiff knows, or should know, that the sheriff cannot serve process. We determine that, because the lower court properly began the limitations period for reinstatement when appellant filed the initial complaint with the prothonotary, it calculated the period correctly. In Pennsylvania, a party may commence an action, and toll the statute of limitations, by filing with the prothonotary any of three forms of process: a praecipe for writ of summons; a complaint; or an agreement for amicable action. Pa.R. Civ.P. 1007. *See Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976) (such filing ordinarily tolls the statute unless the filing party prevents its delivery to the adverse party). If the process cannot be served upon the adverse party within a period, measured from the time of the filing of the initial process, and not longer than the period of the statute of limitations for the underlying action, the process loses its efficacy and the filing party is again subject to the bar of the statute of limitations. *Katz v. Greig,* 234 Pa.Superior Ct. 126, 339 A.2d 115 (1975). The filing party may prevent such lapse of its process, however, by timely reinstating it through a renewed filing with the prothonotary, and each such reinstatement will remain effective for a period equal to that of the applicable statute of limitations. *See, e.g., Nath v. St. Clair Memorial Hospital,* 251 Pa.Superior Ct. 361, 380 A.2d 820 (1977) (process timely reinstated). Indeed, a party may reinstate a complaint or reissue a writ of summons "at any time or any number of times," Pa.R.Civ.P. 1010, although a late reinstatement will be subject to the statute of limitations. The party who files initial process bears the burden of acting to ensure its continued efficacy. *Katz v. Greig, supra.* In applying these reinstatement rules,

our courts have consistently considered irrelevant both the time the filing party became aware the sheriff could not serve process and the time the original cause of action arose. Rather, once a party files process with the prothonotary, the party has been allotted a fixed time equal to the statute of limitations to either file new process, or risk losing the action to the bar of the statute of limitations. *Washington v. Papa,* 253 Pa.Superior Ct. 293, 384 A.2d 1350 (1978) (one-year statute of limitations in wrongful death action; death on August 12, 1971; praecipe for writ of summons filed August 2, 1972; action barred because new complaint filed "more than one year later, on August 9, 1973"); *Katz v. Greig, supra* (two-year statute of limitations; injury on January 8, 1970; praecipe for writ of summons filed November 6, 1970; action subject to bar because new summons and complaint, filed January 5, 1973, were not filed "until after November 6, 1973"). Because appellant filed her original complaint on March 30, 1978, and did not file her reinstated complaint until April 2, 1980, two days outside the applicable two year statute of limitations, her action is subject to the bar of that statute, as the lower court properly concluded.

▮▮▮ Appellant contends next, however, that appellee is precluded from obtaining summary judgment on the statute of limitations because Ms. Apanowicz's failure to disclose proper addresses to the investigating police officer raises a triable issue of fact as to fraudulent concealment designed to frustrate service that would estop appellee from asserting the statute of limitations. This contention lacks merit. A defendant may indeed be estopped from asserting the statute of limitations if through fraud or concealment he causes the plaintiff to relax his or her vigilance or deviate from a right of inquiry. *See, e.g., Nesbitt v. Erie Coach Co.,* 416 Pa. 89, 204 A.2d 473 (1964); *Courts v. Campbell,* 245 Pa.Superior Ct. 326, 369 A.2d 425 (1976). Upon appropriate proof, this principle may also apply to estop a defendant from asserting the statute of limitations against reinstated process. *See Mangino v. Lieber,* 442 Pa. 594, 277 A.2d 823 (1971); Goodrich-Amram 2d § 1010(b):1 at 513 (1976). However, when a

plaintiff seeks to assert the equitable doctrine of estoppel against a defendant's motion for summary judgment on grounds that the plaintiff untimely reinstated process, the plaintiff must assert facts other than the defendant's mere failure to provide a correct address. *Mangino v. Lieber, supra,* citing Pa.R.Civ.P. 1035(d) (opportunity to assert facts to oppose motion for summary judgment). "It is difficult to see what effect the sheriff's inability to find anyone to serve with the complaint at the [defendant's given] address . . . could have on appellant's failure to reinstate the complaint within two years." *Id.,* 442 Pa. at 596, 277 A.2d at 824. Moreover, it is reasonable to expect that a plaintiff, if he knows the process could not be served at the given address, will employ some alternative means to effect service before the limitations period expires. *See* Pa.R.Civ.P. 2077, 2079 (alternative means to effect service). Appellant, however, rests her estoppel argument entirely upon Ms. Apanowicz's failure to give correct addresses. The errors in question were minor: she gave her correct name and street, but reported her house number as 2626 rather than 2826; she correctly named U.S. Fleet Leasing as the car owner, but gave the address of her employer, who had leased the car from U.S. Fleet Leasing, then provided it to her as employee. Although appellant received prompt notice that the sheriff could not serve process, the record lacks any indication that appellant, at any time during the two years that the initial process remained valid, sought to have the sheriff again attempt service, or to check a phone book, city directory, or other public source such as license files to verify the addresses, or to avail herself of alternative means of service. Even viewing this record in the light most favorable to appellant, *see Schacter v. Albert,* 212 Pa.Superior Ct. 58, 239 A.2d 841 (1968), no question of fact exists as to whether appellees actions caused appellant to fail timely to reinstate her complaint. Appellees were thus entitled to obtain summary judgment, and we affirm the lower court's order granting it.

Order affirmed.