**Johnson v. Cheng**

*Aloysius J. Staud,* for plaintiff.
*Glenn D. Hains,* for defendant.

BECKERT, *J.,* February 24, 1986—Defendant here seeks judgment on the pleadings, on the basis that, due to plaintiff's extended delay in reinstating her complaint, she is now precluded, by the running of the applicable statute of limitations, from proceeding with this litigation.

Plaintiff was allegedly injured in an automobile accident on April 20, 1977. Thereafter, on April 16, 1979 she filed a complaint in this court. Twice in 1979 she reinstated her complaint, but the sheriff was unable to accomplish service on defendant. The return of service dated May 31, 1979 states "one attempt moved" [sic], and a second return dated September 21, 1979 states "bad address."

No further activity was initiated of record by plaintiff until nearly five years later when, on August 8, 1984, a certificate of active status was filed. On November 20, 1984, plaintiff then filed a petition for authorization to make substituted service, and the requested relief was granted in June 1985. The case proceeded through the pleading stages, and defendant in her new matter averred that plaintiff's action should be barred by the applicable two years' statute of limitations. Plaintiff's reply to new matter simply countered with the averment that the lawsuit "was commenced within the proper limit of the statute of limitations." It is important to note

that the pleadings shed no further light on that issue.

The controlling rule of law is set forth in Wible v. Apanowicz, 306 Pa. Super. 262, 452 A.2d 545 (1982). Thereunder, a party may reinstate a complaint at any time, and any number of times, as long as the period which elapses between successive reinstatements and without service of process being accomplished does not exceed a time period equal to the appropriate statute of limitations.

No dispute exists here as to the applicability of a two years' statute of limitations. Accordingly, under the Wible doctrine this plaintiff was obliged to either make service or again reinstate her complaint not later than two years following its reinstatement on August 9, 1979. She clearly failed to do so.

Plaintiff attempts to circumvent the legal effect of her delay by raising the following argument in her memorandum opposing defendant's motion for judgment on the pleadings:

"Defendant altogether fails to disclose in her motion for judgment on the pleadings that defendant secreted herself from the process of law by abandoning her last known address without leaving a forwarding address and failing to register her new location with the Postal Service or the Department of Motor Vehicles."

While it is true that the Wible case further provides that a defendant, who has through fraud or concealment caused a plaintiff to relax his vigilance or deviate from a right of inquiry, may be thereby estopped from asserting the statute of limitations as against reinstated process, that case also makes it clear that a plaintiff in that situation must assert facts establishing more than a defendant's mere failure to provide a correct address.

Our Superior Court went on there to observe that it was reasonable to expect a plaintiff who knew that process could not be served at a given address to employ some alternative means of service (i.e., pursuant to Pa.R.C.P. 2077 or 2079) *before* the expiration of the limitations period.

It is that last requirement which appears to be plaintiff's undoing in the instant case. We see no reason why she could not have timely sought, within two years after August 9, 1979, the authorization to make substituted service which she finally pursued late in 1984. If the facts supposedly constituting "fraud or concealment" on the part of defendant do not rise above those recited in plaintiff's memorandum of law, then plaintiff's argument is totally unpersuasive.

On a motion for judgment on the pleadings we are to confine our consideration to only the pleadings themselves, without reference to further information which may be contained in affidavits or legal memoranda. Gallo v. J. C. Penney Cas. Ins. Co., 328 Pa. Super. 267, 476 A.2d 1322 (1984). Here, there is no formal record within the framework of the pleadings themselves concerning the disputed facts, since the only recounting thereof is in plaintiff's memorandum of law, which includes a verification by counsel, and in plaintiff's earlier petition for authorization to make substituted service, and neither of those documents is a "pleading." Nonetheless, we choose, on our own motion, to view defendant's application as a motion for summary judgment, which in the interest of justice and judicial economy cannot reasonably be denied. We believe that this court is invested with the inherent authority and an affirmative obligation to speedily resolve matters brought before us for decision, and that it

would be a grievous mistake in an instance such as this one to put a litigant, whose entitlement to relief appears clear, in a position where she must reassert a persuasive argument only because procedural technicalities have been allowed to prevail over substantive rights. We refuse to impose that burden on this defendant.

### ORDER

And now, this February 24, 1986, summary judgment is hereby entered on behalf of defendant Jean Q. Cheng.