J-S84017-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

MICHAEL ROYTMAN

Appellant

v.

KAREN CESARONE

Appellee

IN THE SUPERIOR COURT OF
PENNSYLVANIA

No. 3345 EDA 2015

Appeal from the Order Dated October 6, 2015
In the Court of Common Pleas of Montgomery County
Civil Division at No(s): 2013-32160

BEFORE:  OLSON, J., SOLANO, J., and FITZGERALD, J.[*]

MEMORANDUM BY SOLANO, J.:          **FILED FEBRUARY 14, 2017**

Appellant Michael Roytman appeals from the order sustaining the preliminary objection of Appellee Karen Cesarone and dismissing Roytman's complaint with prejudice for failure to make timely service.  We affirm.

Roytman's complaint avers one count of negligence stemming from an alleged traffic collision between Roytman and Cesarone on November 1, 2011.  Roytman filed his complaint in the Court of Common Pleas of Montgomery County on October 28, 2013, just two days before the two-year statute of limitations would have run.  **See** 42 Pa.C.S. § 5524(2).  He claims that he waited so long to file suit because he was trying to settle the case with Cesarone's insurance company, but he does not claim that he ever

_____

[*] Former Justice specially assigned to the Superior Court.

provided Cesarone with actual notice of the suit in connection with those efforts. **See** Plaintiff's Response to Defendant's Prelim. Obj. ¶¶ 4-7.

Rule 401(a) of the Rules of Civil Procedure provides, "Original process shall be served within the Commonwealth within thirty days after . . . the filing of the complaint." Roytman claims that he asked the Montgomery County Sheriff to have the complaint served on Cesarone at her address in Doylestown, Bucks County, within that 30 days, but that "[t]he Montgomery County Sheriff's Office was ineffective in effectuating service." **Id.** ¶¶ 9-10. There is no indication on the docket that service was ever requested or attempted at that time, however. **See** Tr. Ct. Op., 3/14/16, at 4 ("The docket reflects no attempt to serve [Cesarone] with the Complaint within the required thirty (30) days").[1]

Rule 401(b) of the Rules of Civil Procedure provides:

---

[1] Roytman included in the record a copy of a November 7, 2013 letter from his counsel to the Office of Montgomery County Sheriff that requested service and said it was enclosing two checks numbered 1058 (for $28.00, made payable to the Montgomery County Sheriff) and 1060 (for $58.00, made payable to the Bucks County Sheriff) for the payment of fees. He also included copies of the front sides of both checks, each of which was dated November 7, 2013; but he did not include the backs of the checks or any information showing their endorsement. As noted in the text, Roytman had the complaint reissued on December 20, 2013, and, on December 26, 2013, he sent a letter to the Montgomery County Sheriff's Office requesting service of the reissued complaint. The December 26, 2013 letter said it was enclosing checks numbered 1058 (for $28.00, made payable to the Montgomery County Sheriff) and 1060 (for $58.00, made payable to the Bucks County Sheriff). The correspondence thus suggests that the checks for the sheriffs' fees were not submitted until the time Roytman asked for service of the reissued complaint on December 26, 2013.

(1) If service within the Commonwealth is not made within the time prescribed by subdivision (a) of this rule . . ., the prothonotary upon praecipe and upon presentation of the original process, shall continue its validity by reissuing the writ or reinstating the complaint, by writing thereon . . . "reinstated" in the case of a complaint.

(2) . . . [A] complaint [may be] reinstated at any time and any number of times. . . .

(4) A reissued, reinstated or substituted . . . complaint shall be served within the applicable time prescribed by subdivision (a) of this rule . . . .

On December 20, 2013, Roytman praeciped to reinstate the complaint. However, the praecipe did not include presentation of original process, as required by Rule 401(b)(1). On December 26, 2013, Roytman's counsel wrote to the Montgomery County Sheriff requesting service of the reinstated complaint. The process was returned unserved.[2]

Nearly one year later, on January 7, 2015, Roytman again had the complaint reinstated. This time, Roytman was successful in having Cesarone served by the sheriff on January 28, 2015. She was served by hand-delivery at the same home address in Doylestown that had been listed on the complaint in October 2013.

_____

[2] The record shows that on December 27, 2013, the Montgomery County Sheriff deputized the Bucks County Sheriff to serve the reinstated complaint in Bucks County. The Bucks County Sheriff made several attempts to serve the complaint in January 2014, but was unsuccessful and returned the reinstated complaint unserved on January 13, 2014. A January 28, 2014 docket entry notes the unsuccessful attempt.

On February 18, 2015, Cesarone filed a preliminary objection under Rule 1028(a) of the Rules of Civil Procedure that sought dismissal of the complaint because of an improper delay in service of the complaint. Rule 1026 of the Rules of Civil Procedure provides that a response to a pleading (including a preliminary objection) must be filed within 20 days, but that no response need be filed if the preceding pleading is not "endorsed with a notice to plead." Cesarone's preliminary objection was not endorsed with a notice to plead, but on March 10, 2015, Roytman filed a response anyway. The response was titled, "Plaintiff's Response to Defendant's Preliminary Objection to Plaintiff's Complaint"; Roytman did not file a preliminary objection to Cesarone's preliminary objection. Roytman's response asked that Cesarone's preliminary objection be overruled.

On October 6, 2015, the trial court sustained Cesarone's preliminary objection and dismissed Roytman's complaint with prejudice "for improper service of process pursuant to Pa.R.C.P. 1028(a) and untimely reinstatement." Order, 10/6/15. The court explained:

> [O]nce an action is commenced via a writ of summons or a complaint, the statute of limitations is only tolled if the plaintiff makes a good faith effort to effectuate service. As the appellate court is aware, personal injury actions such as the one at bar have a two (2) year statute of limitations period. *42 P.C.S.A. Section 5524(2)*. Applying the above law to the case at bar, [Roytman] failed to properly serve the complaint on [Cesarone] in accordance with *Rule 401*, *supra*.
>
> First, [Roytman] filed his Complaint on October 28, 2013. However, [Roytman] did not serve [Cesarone] with the Complaint within the required thirty (30) days mandated by

*Pa.R.C.P. 401(a)*. Consequently, reinstatement was necessary to properly serve [Cesarone]. However, on December 20, 2013, when [Roytman] filed his Praecipe to Reinstate the Complaint, [Roytman] presented no proof of original process with this Praecipe as required by *Rule 401(b)(1)*. Consequently, the Reinstatement was void and any service thereafter was void. . . .

Next, even assuming *arguendo*, that the first Reinstated Complaint was proper, [Roytman] failed to establish a good faith effort to serve the same in order to toll the statute of limitations. . . . .

The accident at issue occurred on November 1, 2011 and [Roytman] filed suit a few days before the statute of limitations ran. The docket reflects no attempt to serve [Cesarone] with the Complaint within the required thirty (30) days. Nonetheless on December 20, 2013, [Roytman] filed a Praecipe to Reinstate the Complaint. At that point, [Roytman] was already two (2) years past the date of the accident, with no record evidence of a service attempt. [Roytman] then did not even attempt to serve the Reinstated Complaint until almost one (1) year post-reinstatement, clearly outside of the mandated thirty (30) days. Consequently, on January 7, 2015, [Roytman] filed a Second Praecipe to Reinstate the Complaint. This Second Reinstated Complaint was served on [Cesarone] on January 20, 2015[3], at her personal address [in Doylestown]. Significantly, this address is the exact same address cited in the initial Complaint filed fifteen (15) months earlier. Thus, from the inception of the action, [Roytman] had [Cesarone]'s correct address, and nonetheless, waited over one (1) year post-reinstatement, and over three (3) years post accident to serve [Cesarone], thereby stalling the legal process in its tracks . . . , and demonstrating a lack of good faith to serve the pleading.

Tr. Ct. Op., 3/14/16, at 2-5 (citations omitted).

Roytman timely appealed, and, on November 23, 2015, Roytman filed a three-page Concise Statement of Errors Complained of on Appeal. In his Statement, Roytman claimed that the trial court erred and abused its

---

[3] The record shows that the correct date is January 28, 2015.

discretion in sustaining the preliminary objection because Roytman sufficiently attempted proper service and Cesarone "was not prejudiced by having received service of the instant suit on January 20, 2015." Pa.R.A.P. 1925(b) Statement, 11/23/15, at 2-3. Second, Roytman claimed that Cesarone improperly raised a statute-of-limitations defense by couching it as an improper service argument. *Id.* at 3.

In his appellate brief, Roytman raises the following issues in the Statement of Questions Involved:

> I. Did the trial court err in sustaining [Cesarone's] preliminary objections on the grounds of improper service and by making such a judgment from the limited facts of record?
>
> II. Did the trial court err in entertaining [Cesarone's] preliminary objections despite the blatant disobedience of Pennsylvania's Rules of Civil Procedure governing preliminary objections?
>
> III. Did the trial court abuse its discretion in sustaining [Cesarone's] Preliminary objections and thereby dismissing [Roytman's] Complaint?
>
> IV. Did the trial court err in ruling that [Roytman] failed to satisfy the requirements of what constitutes a "good faith effort" on the part of [Roytman], pursuant to the standards set forth in *Lamp v. Heyman*[, 366 A.2d 882 (Pa. 1976),] and *Lei*[*d*]*ich v. Franklin*[, 575 A.2d 914 (Pa. Super.), *appeal denied*, 584 A.2d 319 (Pa. 1990)]?

Roytman's Brief at 4. For ease of discussion, we shall address Roytman's arguments in a different sequence from what he presents in his brief.

On questions of law, our standard of review is *de novo* and our scope of review is plenary. ***Morrison Informatics, Inc. v. Members 1st Fed.***

*Credit Union*, 97 A.3d 1233, 1237 (Pa. Super. 2014), *aff'd*, 139 A.3d 1241 (Pa. 2016).  With respect to timely service of process, "whether a plaintiff acted in good faith lies within the sound discretion of the trial court." *McCreesh v. City of Phila.*, 888 A.2d 664, 672 (Pa. 2005).  We therefore review the record to determine whether the court abused its discretion.  *See Englert v. Fazio Mechanical Servs., Inc.*, 932 A.2d 122, 126 (Pa. Super. 2007.)

> An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused.

*Id.* (quoted citation omitted).

**Propriety of Cesarone's Preliminary Objection**

As developed in his brief, two of Roytman's arguments attack the procedural propriety of Cesarone's preliminary objection.  First, Roytman contends that Cesarone erred in not endorsing her preliminary objection with a notice to plead.  Roytman's contention is correct, but Cesarone's error is not material here.  Rule 1026(a), which provides for the filing of a response to a preliminary objection or other pleading, provides, "no [responsive] pleading need be filed unless the preceding pleading . . . is endorsed with a notice to plead."  But despite the absence of a notice to plead from Cesarone's preliminary objection, Roytman filed a response in which he denied the allegations made by Cesarone.  Accordingly, Roytman waived his

right to forego a response under Rule 1026(a).[4]   In addition, Roytman waived this argument by failing to include it in his Rule 1925(b) statement. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998) ("Any issues not raised in a 1925(b) statement will be deemed waived").   Thus, Cesarone's failure to append a notice to plead to her preliminary objection entitles Roytman to no relief.

Roytman also claims that the preliminary objection was improperly filed because Cesarone used it to argue "a statute of limitations defense clandestinely couched as an improper service argument."  Roytman's Brief at 15.   Roytman asserts that a statute-of-limitations defense may be raised only in new matter under Pa.R.C.P. 1030(a), and that because Cesarone failed to "properly format [her] response pursuant to Pa.R.C.P. 1030(a)," the trial court erred in considering it.   Once again, we conclude Roytman waived this issue.

We assume without deciding that Roytman is correct that Cesarone should have filed an answer with new matter, rather than a preliminary objection.   In that case, however, the "proper method for challenging the propriety of defendants' preliminary objections raising the statute of limitations is by preliminary objections to defendants' preliminary objections."   *Farinacci v. Beaver County Indus. Dev. Auth.*, 511 A.2d

_____

[4] We note with disapproval that Roytman never mentions that he filed a response in his argument of this issue.

- 8 -

757, 759 (Pa. 1986); *accord Devine v. Hutt*, 863 A.2d 1160, 1167 (Pa. Super. 2004) ("When a defendant raises a waivable statute of limitations[5] *via* preliminary objections, the proper challenge is to file preliminary objections to strike the defendant's preliminary objections for failure of a pleading to conform to law or rule of court"). A plaintiff who files an "answer" or a "response" to a defendant's preliminary objection, alleging that the preliminary objection improperly raises a defense, waives the right to object to the defendant's form of pleading. *See Button v. Button*, 548 A.2d 316, 318 (Pa. Super. 1988) (where, rather than preliminarily objecting to defendant's preliminary objection, plaintiffs filed an "Answer," plaintiffs waived the right to object to defendant's form of pleading). Here, Roytman filed a "Response to Defendant's Preliminary Objection to Plaintiff's Complaint," along with a memorandum of law. By doing so, Roytman waived any right to object to any procedural deficiency resulting from Cesarone's filing of a preliminary objection instead of new matter.

## Roytman's Delayed Service of Process

Roytman's remaining arguments challenge the trial court's dismissal of his case for delayed service of process. Roytman contends that the record

---

[5] The two-year limitation period established through the general Pennsylvania statute of limitations that is applicable to this action, 42 Pa.C.S. § 5524(2), is subject to waiver. *Marucci v. Lippman*, 177 A.2d 616, 617 (Pa. 1962); *accord In re Gardner*, 218 B.R. 338, 344 (Bankr. E.D. Pa. 1998).

was insufficient to permit the court to resolve this issue and that the court erred in holding that he failed to make timely service.

In *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), the Supreme Court sought to end abuses by plaintiffs who tolled the statute of limitations by having original process repeatedly reissued without notifying the defendant that a complaint had been filed. The Court explained:

> Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good-faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations. . . . [W]e rule that henceforth . . . [original process] shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion.

366 A.2d at 889. In *Leidich v. Franklin*, 575 A.2d 914, 918 (Pa. Super.), *appeal denied*, 584 A.2d 319 (Pa. 1990), this Court summarized:

> What is to be gleaned from *Lamp* and its progeny is that: (1) one's "good faith" effort to notify a defendant of the institution of a lawsuit is to be assessed on a case-by-case basis; and (2) the thrust of all inquiry is one of whether a plaintiff engaged in a "course of conduct" forestalling the legal machinery put in motion by his/her filings.

In this connection, we have explained further that a "good-faith effort" may be lacking where the delay in service is the result of the plaintiff's neglect:

> Simple neglect or mistake in failing to fulfill the responsibility that the requirements for service are met may be sufficient to violate the good faith standard set forth in *Lamp. Rosenberg* [*v. Nicholson*]*,* 408 Pa. Super. 502, 597 A.2d 145. "[I]t is not necessary the plaintiff's conduct be such that it constitutes some bad faith or overt attempt to delay before the rule of *Lamp* will apply." *Ferrara* [*v. Hoover,*] 636 A.2d[, 1151] 1152 [(Pa. Super. 1994)] (quoting *Rosenberg,* 408 Pa.Super. at 509-10,

- 10 -

597 A.2d at 148); ***see also Rosenberg***, ***supra***, 408 Pa.Super. 502, 597 A.2d 145 (holding that plaintiff's inadvertent service at the defendant's incorrect address, after having received defendant's correct address from the post office, lacked reasonableness and good faith); ***Wible v. Apanowicz***, 306 Pa. Super. 262, 452 A.2d 545 (1982) (holding that it is reasonable to expect that a plaintiff, if he knows that process could not be served at a given address, will employ some alternative means to effectuate service).

***Bigansky v. Thomas Jefferson Univ. Hosp.***, 658 A.2d 423, 433-34 (Pa. Super.), ***appeal denied***, 668 A.2d 1119 (Pa. 1995).

In ***McCreesh***, 888 A.2d at 666, the Supreme Court reaffirmed its holding in ***Lamp***, but clarified that ***Lamp*** should be applied according to what the Court called "the more flexible approach" exemplified by this Court's decision in ***Leidich***, in which "procedurally defective service" would be excused "where the defendant has actual notice of the commencement of litigation and is not otherwise prejudiced." ***See also id.*** at 674. The Court did not otherwise disturb its prior holdings that plaintiffs are required "to demonstrate 'a good-faith effort to effectuate notice of commencement of the action.'" ***Id.*** at 672, quoting ***Farinacci***, 511 A.2d at 759.

Roytman does not contend that Cesarone had actual notice of the commencement of the action before she was served in January 2015.[6]

_____

[6] Roytman's early contacts with Cesarone's insurance company did not provide the requisite notice. ***See Englert***, 932 A.2d at 127 ("notice that there was a potential for litigation . . . is not the same and cannot suffice"); ***Cahill v. Schults***, 643 A.2d 121, 125 (Pa. Super. 1994) (affirming dismissal and holding that sending, by certified mail, a copy of complaint to insurer's lawyer did not constitute service on insured); ***Schriver v. Mazziotti***, 638
*(Footnote Continued Next Page)*

- 11 -

Rather, he maintains that **Lamp** is distinguishable, because, unlike the plaintiff in that case, he did not engage in misconduct to delay the litigation. Roytman contends that **Lamp** "requires voluntary misconduct and an active desire to delay the legal process" and says that he engaged in no such misconduct here. Roytman's Brief at 13. Roytman also argues that the trial court erred by not acknowledging **Leidich**'s alleged admonition to not apply the "good faith" rule mechanically. **Id.** at 13-14. We disagree.

Roytman did not file suit until just a few days before the statute of limitations expired, and, according to the docket, made no attempt to serve within the 30 days mandated by Rule 401(a). He did have the complaint reinstated and tried to have it served in December 20, 2013,[7] but when that service was unsuccessful, he waited a year until reinstating the complaint again and having the complaint served successfully. The record contains no evidence that Roytman did anything during that intervening year to try to

*(Footnote Continued)* _____

A.2d 224, 227 (Pa. Super. 1994) (sending insurance company's attorney a copy of a complaint is not a good faith effort to serve process on the insured), **abrogated on other grounds**, **McCreesh**, 888 A.2d 664; **Ferrara v. Hoover**, 636 A.2d 1151, 1153 (Pa. Super. 1994) ("We find no merit in the contention communication between appellant and appellees' insurance adjuster serves as a substitute for actual service of process"). Contacting Cesarone's insurance company did not prevent Roytman from serving Cesarone with the complaint.

[7] The trial court held that the 2013 attempt at service was ineffective because the praecipe to reinstate the complaint that Roytman filed on December 30, 2013 did not contain a "presentation of the original process," as required by Rule 401(b)(1), "and therefore was void." Tr. Ct. Op., 3/14/16, at 3. We need not reach this issue.

complete service, and Roytman offers no explanation for the delay. Notably, the delay in service was not due to an inability to find Cesarone, who ultimately was served at the same address as the one Roytman listed when he initially filed the complaint 15 months earlier. Even if the delay in service was the result of neglect, rather than voluntary misconduct on the part of Roytman, the record still reflects a failure by Roytman to make a "good-faith effort" to serve the complaint in a timely way. *Bigansky*, 658 A.2d at 433-34.

Although Roytman complains that it was error for the trial court to decide this issue on a preliminary objection, without a full factual record, Roytman never identifies any material facts that would be established by such a record that are not already apparent from the pleadings and that could lead to a different result. In this respect, we may assume that — contrary to the docket and other evidence in the record — Roytman really did try unsuccessfully to serve the original complaint within 30 days (the only fact that appears to be disputed). There remains absolutely no explanation of why, after the complaint was reinstated and service was unsuccessful in January 2014, Roytman waited a year before reinstating the complaint and trying to serve it again. In his response to Cesarone's preliminary objection, Roytman merely cited the fact that Rule 401(b)(2) permits reissuance of a complaint "at any time and any number of times." Response ¶ 14. Neither his Response nor his brief to this Court identifies

any facts that he would prove to justify the one-year dormancy of his efforts.

Roytman did make a bare allegation that Cesarone was not prejudiced by the delay. Response ¶ 17. But where, as here, the trial court finds that the plaintiff failed to make a good-faith effort to make timely service, proof of prejudice is unnecessary. *See Englert*, 932 A.2d at 125-27 & n.5 (holding that proof of lack of good-faith effort to complete service is sufficient for dismissal). In *McCreesh*, a case in which the defendant had received actual notice of the litigation through service of the complaint, the Supreme Court held that unless there was a showing of prejudice, late service would be excused in such cases because the actual notice "satisfied the purpose of the statute of limitations." 888 A.2d at 674. As noted, there was no actual notice here, and there was a delay of a year during which there was no effort at service at all. In this situation, no further proof is required. *See Englert*, 932 A.2d at 127.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/14/2017

- 14 -