TAMILIA, Judge:
 

 This is an appeal from the December 13, 1990 Order of the trial court which granted appellee’s motion for summary judgment.
 

 On February 2, 1989, appellant, Scott Rosenberg, instituted suit against appellee, James Nicholson, for damages due to injuries sustained by appellant in a March 2, 1987 motor vehicle accident. Appellant tried to servé appellee with notice of the lawsuit on February 9, 1989 but was unsuccessful because he gave the sheriff the incorrect street address for appellee’s residence, 132 Butler Pike instead of 932 Butler; Pike. Thereafter, appellant ascertained appellee’s correct address and, on March 31, 1989, again attempted to serve appellee. The sheriff returned service as not found because appellee moved and “now lives in the Germantown section of Philadelphia.” Uncertain as to appellee’s true mailing address, by letter dated May 25, 1989, appellant, through his counsel, requested the Ambler Postmaster to inform him of the most current mailing address of the appellee. While our examination of the record does not disclose the original, a photocopy appears to be timestamped from the post office with the notation, “good as addressed.” At the top of the letter to the Postmaster, counsel for appellant stated “Re: James Nicholson, 932
 
 *505
 
 Butler Pike, Ambler, PA 19002.” Despite this knowledge, on July 14, 1989 and August 31, 1989, appellant twice reinstated his complaint and attempted to serve appellee at 132 Butler Pike. Both times appellant was unsuccessful.
 

 Because appellee had not been served as of the October 10, 1989 arbitration date, the trial court dismissed appellant’s complaint without prejudice. On October 11,1989, by alleging appellee purposefully avoided service of process, appellant obtained an Order for alternative service. Service was allegedly perfected on December 5, 1989. However, no complaint had been refiled. On January 3, 1990, appellant filed his complaint. On February 20, 1990, appellee filed preliminary objections to this complaint. On April 20, 1990, the trial court granted appellee’s preliminary objections and dismissed appellant’s complaint with prejudice. The court reasoned because the February, 1989 complaint had been dismissed, no complaint existed on the docket when service was allegedly perfected on December 5, 1990. Thus the action was barred by the two-year statute of limitations which had run in March, 1989. However, on a petition for reconsideration, the court vacated the Order on April 24, 1990. Thereafter, appellee, by and through his attorney, filed a motion for summary judgment, raising the issues of lack of service and the statute of limitations. On December 13, 1990, the trial court granted appellee’s motion for summary judgment. In its March 7, 1991 Opinion, the court reasoned the appellant’s efforts to serve appellee with process stalled the suit, and thus the statute of limitations was not tolled by these repeated unsuccessful attempts at service. Therefore, when the court dismissed appellant’s complaint without prejudice on October 10, 1989, for failure to serve the appellee, the original action was treated as though it had never been brought at all. Since the January 3, 1990 complaint is treated as a new action, the statute of limitations had expired.
 

 Appellant’s main argument is since appellee was not prejudiced and appellant attempted to serve appellee several times in good faith, the defect in the attempts at service, his
 
 *506
 
 unintentional use of the incorrect address, should not make the original suit a nullity. Additionally, appellant contends when appellee filed his answer to the January 3, 1990 complaint, he waived any purported defect in service and accepted the jurisdiction of the court. Finally, appellant contends the court erred by ignoring his request to answer appellee’s motion for summary judgment on the merits once the court found in appellee’s favor.
 

 As an appellate court, we are bound to consider certain principles which dictate when and under what circumstances a trial court may properly enter summary judgment.
 
 Goebert v. Ondek,
 
 384 Pa.Super. 100, 557 A.2d 1064 (1989). The trial court must accept as true all well-pleaded facts relevant to the issues in the non-moving party’s pleadings and to give him or her the benefit of all reasonable inferences to be drawn therefrom.
 
 Jefferson v. State Farm Insurance,
 
 380 Pa.Super. 167, 551 A.2d 283 (1988). Summary judgment should not be entered unless the case is clear and free from doubt.
 
 Hathi v. Krewstown Park Apartments,
 
 385 Pa.Super. 613, 561 A.2d 1261 (1989). A grant of summary judgment is proper where the pleadings, depositions, answers to interrogatories, admissions of record and affidavits on file support the trial court’s conclusion that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Pa.R.C.P. 1035;
 
 Penn Center House, Inc. v. Hoffman,
 
 520 Pa. 171, 553 A.2d 900 (1989). We will overturn a trial court’s entry of summary judgment only if there has been an error of law or a clear abuse of discretion.
 
 McCain v. Pennbank,
 
 379 Pa.Super. 313, 549 A.2d 1311 (1988).
 

 Appellant contends his efforts to serve appellee with notice of the lawsuit were both in good faith and reasonable, and thus tolled the statute of limitations. Therefore, his negligence action was not time barred. In light of our discussion below, we find this argument to be without merit.
 

 Service of process upon the defendant is designed to provide him with notice of the lawsuit. Notice is extremely
 
 *507
 
 important, as it is the constitutional touchstone for the power of the court to act.
 
 Hoeke v. Mercy Hospital of Pittsburgh,
 
 254 Pa.Super. 520, 386 A.2d 71 (1978). In
 
 Williams Studio v. Nationwide Mutual Fire Ins. Co.,
 
 380 Pa.Super. 1, 9-10, 550 A.2d 1333, 1337 (1988), the court held “the statute of limitations is not tolled by the commencement of a suit subsequently dismissed without prejudice through a plaintiffs entry of a voluntary nonsuit” and, therefore, a plaintiff must file his second action prior to the running of the applicable statute of limitations. In
 
 Williams Studio,
 
 the court ruled appellee’s second action was time barred and stated “[i]f we held otherwise, the appellant, who endured the burden of litigating the initial suit over two years would again be subjected to the same litigation.”
 
 Id.
 

 In
 
 Lamp v. Heyman,
 
 469 Pa. 465, 477-78, 366 A.2d 882, 889 (1976), the Court held that a cause of action will remain effective only if the plaintiff “refrains from a course of conduct that serves to stall in its tracks the legal machinery that he has just set in motion.” This rule requires one to act in good faith and in a manner that will prevent delay.
 
 Leidich v. Franklin,
 
 394 Pa.Super. 302, 575 A.2d 914 (1990). The
 
 Lamp
 
 Court reasoned as follows:
 

 [W]e now conclude that there is too much potential for abuse in a rule which permits a plaintiff to keep an action alive without proper notice to a defendant merely by filing a praecipe for a writ of summons and then having the writ reissued in a timely fashion without attempting to effectuate service. In addition, we find that such a rule is inconsistent with the policy underlying statutes of limitation of avoiding stale claims, and with that underlying our court rules of making the processes of justice as speedy and efficient as possible____ Our purpose is to avoid the situation in which a plaintiff can bring an action, but, by not making a good faith effort to notify a defendant, retain exclusive control over it for a period in excess of that permitted by the statute of limitations.
 

 
 *508
 

 Lamp, supra,
 
 469 Pa. at 478-79, 366 A.2d at 889. There is no mechanical approach to apply to determine what constitutes a good faith effort to effectuate service, though the plaintiff has the burden of showing his efforts were reasonable.
 
 Leidich, supra.
 

 In its Opinion, the trial court correctly set forth the principles of
 
 Williams Studio
 
 and
 
 Lamp.
 
 In applying
 
 Lamp
 
 to the facts of this case, the trial court stated as follows:
 

 In the instant case, the plaintiff filed a complaint containing an incorrect address for the defendant. He, in effect, “stalled in its tracks the legal machinery he has just set in motion.”
 
 Lamp v. Heyman, Id.,
 
 469 Pa. at 478, 366 A.2d at 889.
 

 (Slip Op., Doty, J., 3/7/91, p. 5.) From the facts on the record, it is reasonably possible for one to conclude appellant’s actions in inadvertently serving appellee at the incorrect address lacked reasonableness and good faith. By receiving appellee’s correct address from the post office and still attempting to serve appellee at the incorrect address, appellant’s behavior would appear to be inexcusable under the
 
 Lamp
 
 standard.
 

 In support of its argument that its action was not barred by the statute of limitations or the
 
 Lamp
 
 doctrine, appellant relies on
 
 Robinson v. Trenton Dressed Poultry Company,
 
 344 Pa.Super. 545, 496 A.2d 1240 (1985), and
 
 Leidich, supra.
 
 In
 
 Robinson,
 
 we held that a dismissal, without prejudice, imports the contemplation of further proceedings. Under such conditions, it is not necessary for the party to obtain the court’s permission to proceed.
 
 Id.
 
 Accordingly, appellant reasons the commencement of an action by praecipe is sufficient to toll the running of the statute of limitations, so long as he properly attempted to effectuate service.
 

 We agree with appellee that appellant’s reliance on
 
 Robinson
 
 is misplaced because the case did not deal with any type of tolling effect that a dismissal without prejudice had upon the statute of limitations. The outcome of
 
 Robinson
 
 
 *509
 
 hinged on the issue of whether the plaintiff stalled the legal machinery he set in motion, not whether the statute of limitations had expired.
 

 In
 
 Leidich, supra,
 
 plaintiffs service of process upon defendant initially was deficient in that it did not comply with the local rules. Specifically, the plaintiff attempted to serve process upon the defendant by first class mail instead of by delivering the writ to the sheriff through the prothonotary. After the passage of the two-year period of limitations, plaintiff sought and convinced the trial court to reissue the writ, which the sheriff served upon the defendant. The court held:
 

 The [plaintiff] merely mistakenly used the improper mode of service and thus this case is not typical of the circumstance contemplated in
 
 Lamp.
 
 We, furthermore, detect no conduct wherein the [plaintiff] sought to stall the legal machinery it set in motion by filing its petition for review.
 

 We find that the defect in service has not affected any substantial rights of the defendants, nor is there any allegation that the defendants were prejudiced by the manner in which they received notice of the lawsuit.
 

 Id.,
 
 394 Pa.Superior Ct. at 309, 313, 575 A.2d at 917, 919. The court reasoned the defendant was not prejudiced because, though service was technically defective, the defendant had actual notice of the suit, had begun communications with and the submission of documents to their liability carrier and had started with the initial stages of discovery.
 
 Id.
 
 The present case is distinguishable from
 
 Leidich
 
 in that appellee did not receive actual notice of the lawsuit and, therefore, would have been prejudiced if appellant was allowed to commence the action after the statute of limitations had expired.
 

 Appellant also maintains its efforts to serve appellee were not in bad faith. However, it is not necessary the plaintiff’s conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of
 
 Lamp
 
 will apply.
 
 Watts v. Owens-Corning Fiberglas Corp.,
 
 353
 
 *510
 
 Pa.Super. 267, 509 A.2d 1268 (1986),
 
 appeal denied,
 
 514 Pa. 632, 522 A.2d 559 (1987). Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in
 
 Lamp
 
 to bear.
 
 Weiss v. Equibank,
 
 313 Pa.Super. 446, 460 A.2d 271 (1983). Thus, conduct that is unintentional that works to delay the defendant’s notice of the action may constitute a lack of good faith on the part of the plaintiff.
 
 Id.
 

 Next, appellant contends when appellee filed his answer to the complaint, he waived any claim of defective service and accepted the jurisdiction of the court. We disagree. Appellant cites two cases in support of its argument,
 
 Cinque v. Asare,
 
 401 Pa.Super. 339, 585 A.2d 490 (1990), and
 
 O’Barto v. Glossers Stores, Inc.,
 
 228 Pa.Super. 201, 324 A.2d 474 (1974). In both of these cases, the courts held the defendants waived any defects in service of process by filing an answer to the complaint
 
 without filing timely preliminary objections to the manner of service.
 
 In
 
 O’Barto,
 
 the defendant’s actions, by answering the complaint, filing and serving written interrogations on the plaintiff and not filing preliminary objections until seven months after the plaintiff’s original complaint, clearly demonstrate active participation in the litigation of the lawsuit on the merits. In the present case, appellee initially filed timely preliminary objections to the manner of service of process and, therefore,
 
 Cinque
 
 and
 
 O’Barto
 
 do not apply. After appellant filed his complaint on January 3, 1990, appellee shortly thereafter filed a motion for summary judgment. By answering the complaint, appellee, was in effect covering his rights. In the event that his motion for summary judgment was denied, appellee needed to file an answer in a timely manner in order to preserve his right of contesting appellant’s claim.
 

 Finally, appellant contends the trial court should have granted him leave to answer the motion for summary judgment on the merits. In its response to appellee’s motion for summary judgment, the appellant argued the appellee’s motion was extremely similar to earlier prelimi
 
 *511
 
 nary objections which were denied and, therefore, the motion for summary judgment should not have been considered. Although appellant, in its response, requested leave to answer the motion on the merits if the court did not agree with its theory, the court clearly did not abuse its discretion by ignoring this request. In support of the trial court’s determination on this issue, Rule 1035, Motion for Summary Judgment, provides in pertinent part:
 

 (d) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.
 

 In light of the foregoing discussion, we affirm the court’s grant of summary judgment.
 

 Order affirmed.