## Pfister v. City of Philadelphia

*Richard Alan Kessler,* for appellant.
*Sean Patrick Kirby,* for appellee.

TERESHKO, *J.,* February 7, 2008—

## PROCEDURAL HISTORY

Plaintiffs appeal from this court's findings and order dated September 13, 2007, wherein the court granted defendant City of Philadelphia's and Tyrone Winkler's motion for judgment on the pleadings, filed June 29, 2006.

## FACTUAL BACKGROUND

On or about January 20, 2004 at approximately 8:50 a.m., Sharon Pfister alleges that she was struck by a police car operated by Tyrone Winkler while he was acting within the scope of his employment as a police officer for the City of Philadelphia. (Complaint, ¶5.) The incident allegedly occurred as Ms. Pfister was crossing Race Street at the intersection of 12th Street and Race Street, in the City and County of Philadelphia. (Complaint, ¶5.) Ms. Pfister claims that Winkler was traveling eastbound on Race when the front wheel of his vehicle struck her and violently threw her to the ground as her foot remained lodged under the front wheel. (Complaint, ¶¶8-9.) As a result of the incident Ms. Pfister asserts that she suffered a sprained right ankle, fractured left tibia, fractured left patella, injury to her fibula and an exacerbation of a pre-existing arthritic condition in her right

ankle. (Complaint, ¶9.) Sharon Pfister's husband, Robert Pfister, also brought a claim for loss of consortium. (Complaint, ¶18.)

Plaintiffs initially filed their complaint on January 11, 2006, alleging negligence against Winkler for failing to operate his vehicle in a safe manner and negligence against the city for negligence of its employees. (See complaint, ¶¶7-18.) Plaintiffs did file their initial complaint within the applicable statute of limitations, however they failed to verify that they had timely perfected service. (See docket.) Plaintiffs allege that they personally served defendants with a copy of the complaint, however counsel for plaintiffs could not provide the identity of the person within the law department that was served, nor did they file an affidavit of service. (Supplemental brief of plaintiffs in answer to defendants' motion for judgment on the pleadings, p. 2.)

Plaintiffs later reinstated their complaint pursuant to Pa.R.C.P. 401, but not until March 21, 2006, which is after the statute of limitations had run and more than 30 days since the initial complaint was filed rendering this reinstated complaint invalid. (See docket.) Plaintiffs filed their affidavits of service on the invalid reinstated complaint on March 28, 2006. (Findings and order dated 9-13-07.)

On June 29, 2006, defendants filed their motion for judgment on the pleadings and a response date was given for July 19, 2006. (See docket.) When the matter was assigned to this court for ruling a response had not been filed by plaintiffs. Therefore, this court granted defendants' motion for judgment on the pleadings based

on the fact that it was unopposed by plaintiffs. (See order August 1, 2006.) However, after receipt of the court's order, plaintiffs contend that they were not served with a copy of the motion for judgment on the pleadings. (See trial court opinion dated 12-29-06.) On August 29, 2006, plaintiffs filed their motion to set aside the judgment on the basis that they were not served with a copy of the motion. (Trial court opinion, 12-29-06.) Plaintiffs also filed their appeal from this order to the Commonwealth Court of Pennsylvania and issued their 1925(b) statement of matters accordingly. (See docket.) This court, in noticing that the defendants failed to file a certificate of service with the motion for judgment on the pleadings, issued an opinion requesting that the Commonwealth Court remand the matter back to this court to allow it to rule on the motion to set aside the judgment. (Opinion dated 12-29-06.) By order dated June 6, 2007, the Commonwealth Court granted this court's request and remanded the matter back to the court of common pleas for entry of a new decision. Thereafter, this court granted plaintiffs' motion to set aside the judgment on the pleadings and vacated the order of August 1, 2006. (Trial court order, July 13, 2007.) This order also directed plaintiffs to respond to the motion for judgment on the pleadings. *Id.* On July 27, 2007, plaintiffs filed their response to defendants' motion for judgment on the pleadings. (See docket.) Additionally, plaintiffs filed a subsequent affidavit of service on July 27, 2007 stating that valid service was made on January 11, 2006 upon the City of Philadelphia and Winkler. (Affidavit of service sworn, January 16, 2006.) By additional order of the court, the parties were requested to submit additional briefs on the issue of whether the January 11, 2006

service of process and the subsequent affidavit of January 16, 2006, which was filed on July 27, 2007, satisfies the requirements of Pa.R.C.P. 400 et seq. (Order dated 9-7-07.)

By findings and order dated September 13, 2007 this court held: that the affidavit of service filed July 27, 2007 and sworn on January 16, 2006 is stricken for not being timely filed and for failure to comply with Pa.R.C.P. 405(b). Also, that the service of the reinstated complaint was made on March 24, 2006, which was reinstated more than two years after the cause of action arose on January 20, 2004, which exceeds the applicable statute of limitations. (Findings and order dated 9-13-07.) Thus, this court granted defendants' motion for judgment on the pleadings. On October 5, 2007, plaintiffs filed their appeal from the findings and order of September 13, 2007 and issued their statement of matters accordingly.

The issues on appeal are:

(1) Whether this court committed an error of law or abused its discretion in finding that the initial service of the complaint that was made on January 11, 2006 and the purported service of January 16, 2006 should be stricken based on plaintiffs' failure to comply with Pa.R.C.P. 405.

(2) Whether this court committed an error of law or abused its discretion in finding that the affidavit for return of service sworn January 16, 2006 and filed July 27, 2007 was properly stricken for failure to comply with Pa.R.C.P. 405(b)

(3) Whether this court committed an error of law or abused its discretion in finding that the valid service

dated March 24, 2006 was made after the statute of limitations had passed.

## LEGAL ANALYSIS

Appellate review of an order granting a motion for judgment on the pleadings is plenary. *Aquilino v. Philadelphia Catholic Archdiocese,* 884 A.2d 1269, 1275 (Pa. Super. 2005). The appellate court will apply the same standard employed by the trial court. *Id.* A trial court must confine its consideration to the pleadings and relevant documents. *Id.* The court must accept as true all well-pleaded statements of fact, admissions, and any documents properly attached to the pleadings presented by the party against whom the motion is filed, considering only those facts which were specifically admitted. *Id.* The appellate court will affirm the grant of such a motion only when the moving party's right to succeed is certain and the case is so free from doubt that the trial would clearly be a fruitless exercise. *Id.*

Plaintiffs argue that the initial complaint was properly served on January 11, 2006 via personal service by their attorney on the City of Philadelphia Law Department Claims Unit. In the alternative, plaintiffs contend that the March 22, 2006 affidavit of service complied with the terms of the manner of service under Pa.R.C.P. 402. Lastly, plaintiffs contend that their filing of the affidavit of service on July 27, 2007 which was sworn to on January 16, 2006 should not have been stricken as violating Pa.R.C.P. 405(b).

Pa.R.C.P 405, which addresses the issue of return of service of process, states in pertinent part:

"(a) When service of original process has been made the sheriff or other person making service shall make a return of service forthwith. If service has not been made and the writ has not been reissued or the complaint reinstated, a return of no service shall be made upon the expiration of the period allowed for service.

"(b) A return of service shall set forth the date, time, place and manner of service, *the identity of the person served* and any other facts necessary for the court to determine whether proper service has been made.

"(d) *A return of service by a person other than the sheriff shall be by affidavit.* If a person other than the sheriff makes a return of no service, the affidavit shall set forth with particularity the efforts made to effect service.

"(e) The return of service or of no service shall filed with the prothonotary." (emphasis added)

The note to Pa.R.C.P. 405 cites the case of *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), which stands for the principle that original process "shall remain effective to commence an action only if the plaintiff then refrains from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." Note Pa.R.C.P. 405.

In *Englert v. Fazio Mechanical Services Inc.,* 932 A.2d 122, 124-25 (Pa. Super. 2007), our Superior Court further explained *Lamp* and its successor cases:

"It is well settled in this Commonwealth pursuant to *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), and *Farinacci v. Beaver County Industrial Development*

*Authority,* 510 Pa. 589, 511 A.2d 757 (1986), that service of original process completes the progression of events by which an action is commenced. Once an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good-faith effort to effectuate service. *Moses v. T.N.T. Red Star Express,* 725 A.2d 792 (Pa. Super. 1999), *appeal denied,* 559 Pa. 692, 739 A.2d 1058 (1999). 'What constitutes a "good-faith" effort to serve legal process is a matter to be assessed on a case-by-case basis.' *Id.* at 796; *Devine v. Hutt,* 863 A.2d 1160, 1168 (Pa. Super. 2004). (citations omitted) '[W]here noncompliance with *Lamp* is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made.' *Farinacci,* at 594, 511A.2d at 759.

"In making such a determination, we have explained:

"It is not necessary [that] the plaintiff's conduct be such that it constitutes some bad-faith act or overt attempt to delay before the rule of *Lamp* will apply. *Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in* Lamp *to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff. Devine, supra* at 1168 (quoting *Rosenberg v. Nicholson,* 408 Pa. Super. 502, 510, 597 A.2d 145, 148 (1991), *appeal denied,* 530 Pa. 633, 606 A.2d 903 (1992)). '[A]lthough there is no mechanical approach to be applied in determining what constitutes a good-faith effort, *it is the plaintiff's burden to demonstrate that his efforts were reasonable.' Bigansky v.*

*Thomas Jefferson University Hospital,* 442 Pa. Super. 69, 90, 658 A.2d 423, 433 (1995), *appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995)." (emphasis added)

It is plaintiffs' contention that their attorney served the defendants by hand delivering two time-stamped copies of the initial complaint to an unknown person in the claims unit of the City of Philadelphia Law Department on January 11, 2006. (Plaintiffs' statement of matters, p. 3, affidavit of service dated 1-16-06.) By not providing "the identity of the person served" pursuant to Pa.R.C.P. 405(b), plaintiffs have not executed proper legal service of the complaint. Plaintiffs' attorney then alleges that he prepared an affidavit of service stating the foregoing facts, however there is no record that this affidavit was filed with the court in compliance with Pa.R.C.P. 405(e).

Plaintiff also states that on January 12, 2006, plaintiffs' attorney mailed a letter to the defendants advising them that plaintiff had filed and served the complaint, however it is unknown to whom this alleged correspondence was directed having not had the benefit of an identifying party who would have specific knowledge regarding plaintiffs' cases. Defendants deny any receipt of correspondence from plaintiffs' attorney regarding the service on January 11, 2006. It was not until 60 days had elapsed without a response from the defendants that plaintiffs' counsel then realized that an error had occurred. Although plaintiffs state that they did make service, they have no documentation to support their version of the facts. Regardless of whether this conduct was a result of mistake or neglect by plaintiffs' attorney, plaintiffs have failed to meet their burden that they acted reasonably in procuring

initial service of their complaint on January 11, 2006 according to the principles of *Englert.*

Plaintiffs' attorney then attempts to reinstate and serve the complaint approximately 60 days after the statute of limitations had expired and approximately 39 days after the time for serving the complaint had expired under Pa.R.C.P. 401 without having reinstated the complaint pursuant to 401(b)(2). The service of this untimely reinstated complaint was made on March 28, 2006 and is invalid as legal service in this case due to plaintiffs' failure to timely reinstate this complaint under the aforementioned rules of civil procedure.

Upon realizing that they did not achieve proper service under the rules, plaintiffs then make another attempt to satisfy proper service by filing an affidavit of service on July 27, 2007, which is approximately one and one-half years after the statute had expired. This affidavit, in addition to being untimely, also does not meet the criteria for valid service under 405(b). This affidavit, although filed on July 27, 2007 was sworn to and subscribed by a notary on January 16, 2006. The fact that plaintiffs filed this affidavit more than one and one-half years after the complaint was initially filed is fundamental evidence of a lack of good faith causing delay to the action. Additional evidence of plaintiffs' lack of good faith in executing service is revealed by the fact that their affidavit of service filed on March 31, 2006 properly identifies the party who accepted service of the complaint. The March 31, 2006 affidavit, although untimely, complies with the requirements of 405(b). The significance of the March 31, 2006 affidavit is that it shows plaintiffs were previously aware of their duty to provide the identity of the

party served and simply failed to ensure compliance with this aspect for validating service.

It is this court's position that these actions of plaintiffs, taken as a whole, do not amount to a good-faith attempt to notify defendants of the action. The Superior Court has held that determining whether a plaintiff acted in good faith lies within the sound discretion of the trial court. *McCreesh v. City of Philadelphia,* 585 Pa. 211, 224, 888 A.2d 664, 672 (2005).

Although plaintiffs cite the case of *McCreesh v. City of Philadelphia,* 585 Pa. 211, 227, 888 A.2d 664, 674 (2005), which supports liberal reading of the rules regarding service of process, plaintiffs have not followed several aspects of the rules regarding the proper means of service. In *McCreesh,* our Supreme Court, in finding that the party acted in good faith in complying with the rules regarding service, stated:

"Neither our cases nor our rules contemplate punishing a plaintiff for technical missteps where he has satisfied the purpose of the statute of limitations by supplying a defendant with actual notice. Therefore, we embrace the logic of the *Leidich* line of cases, which, applying *Lamp, would dismiss only those claims where plaintiffs have demonstrated an intent to stall the judicial machinery or where plaintiffs' failure to comply with the Rules of Civil Procedure has prejudiced defendant." Id.* at 227, 888 A.2d at 674. (emphasis added)

It is also noteworthy to mention that *Englert* would later distinguish the *McCreesh* case. Unlike in *McCreesh,* plaintiffs in *Englert* did not provide defendants with actual notice of the commencement of the action within

the applicable statute of limitations. *Englert,* 932 A.2d at 124. Rather, plaintiffs in *Englert* took no action whatsoever once the writ was issued to ascertain whether service was properly made and relied instead on counsel's customary practice of waiting for word from the sheriff's office. *Id.* at 126-27. In this case, attorney for plaintiffs improperly served the complaint on defendants, having not identified the person served, nor did they file the affidavit of service. Plaintiffs then allege that their attorney sent a letter to defendants regarding service, which further propounds the problem because, having not known the identity of the person served, the letter is generally directed to the "Law Department—Claims Unit" and addressed and is not specifically addressed to any individual. (Plaintiffs' correspondence dated January 12, 2006.) At that point the attorney did nothing further to determine whether proper service was made prior to the statute of limitations. *Id.* As is stated in *Englert,* "inaction demonstrate[s] an intent to stall the judicial machinery which was put into motion by the filing of the initial writ [or complaint] and simply cannot be excused." *Englert,* 932 A.2d at 127 (citing *McCreesh* at 227, 888 A.2d at 674). In extracting the principle from *Englert,* where actual notice of the action was not made prior to the expiration of the statute of limitations and the plaintiff took no affirmative action to ensure that proper service was made, the good faith standard has not been met and plaintiffs' inaction amounts to intent to stall the judicial process.

The failure to establish the identity of the person served when the plaintiffs' attorney personally served the complaint, as well as their failure to file the affidavit of serv-

ice with the court constitutes major omissions, which go directly to establishing the validity of whether actual notice was achieved under the law.

In addition, the plaintiffs' attorney's 60-day lapse from his alleged initial letter to the defendants amounts to nothing more than negligence in failing to notify the defendants of the action within the applicable statute of limitations or failing to reissue the complaint in order to effectuate valid service.

Lastly, plaintiffs' subsequent affidavit of service filed on July 27, 2007, must also be stricken as it was filed one and one-half years after the complaint was filed and the statute of limitations expired. This, in addition to the fact that plaintiffs did not file this affidavit more contemporaneously than one and one-half years after the complaint was initially filed indicates fundamental evidence of a lack of good faith causing delay to this action in having to further litigate a pleadings matter, which in turn stalls this court's attempt to address the matter on its merits.

Defendants were also prejudiced by the delay in plaintiffs' notification of the action because they were not notified that an action had been brought against them until after 60 days after the statute of limitations had expired. The plaintiffs in turn have not provided this court with sufficient evidence to meet the plaintiffs' burden, under *Englert,* that their efforts in achieving proper service were reasonable. Plaintiffs' continued violation of the rules regarding service and the lengthy delay caused by their repeated failure to comply with the rules does not amount to a "technical misstep," which

would allow for further relief under *McCreesh,* instead it amounts to an intent to stall the judicial mechanism of this court.

In totality, these errors amount to a lack of good faith on the part of plaintiffs and also prejudice the defendants to the extent that this court believes that the action warrants the granting of defendants' motion for judgment on the pleadings.

## CONCLUSION

In light of the foregoing analysis, this court believes that the defendants' motion for judgment on the pleadings was properly granted by this court, and respectfully requests that it be affirmed by the court above.