J-S95004-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| MUSTAFA ALI | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ANDREW AMOROSO AND PATRICK MCGINTY | |
| Appellees | No. 1127 EDA 2016 |

Appeal from the Order Entered March 21, 2016
In the Court of Common Pleas of Bucks County
Civil Division at No: 2013-01865

BEFORE: STABILE, MOULTON, and MUSMANNO, JJ.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 23, 2017**

Appellant, Mustafa Ali, appeals *pro se* from the March 21, 2016 order entered in the Court of Common Pleas of Bucks County, granting summary judgment in favor of Appellees, Andrew Amoroso and Patrick McGinty. Appellant argues the trial court erred in granting summary judgment because the trial court concluded Appellant's claims were time-barred; because Appellees failed to complete discovery in violation of the trial court's order; because there were material issue of fact in dispute; and because Appellees lacked probable cause to arrest Appellant. We disagree and, therefore, affirm.

In its opinion accompanying the March 21, 2016 order, the trial court explained:

This case involves a malicious prosecution claim for a bad checks charge initiated in 2007 against [Appellant] which was eventually nolle prossed by the Commonwealth in 2011. The stated reason for the nolle pros was judicial economy, as [Appellant] had been charged with and convicted of first-degree murder in Philadelphia and sentenced to life in prison in 2010, i.e.[,] before the bad checks charge could be resolved. [Appellees], two Middletown Township police officers who filed the underlying bad checks charges, now move for summary judgment on two grounds. First, they claim [Appellant's] claim is barred by the statute of limitations; second they assert [Appellant] has failed to establish the requisite elements of a malicious prosecution claim.

Trial Court Opinion, 3/21/16, at 1-2 (unnumbered).

The trial court granted summary judgment, finding that although Appellant filed his complaint within two years of the time the bad checks charge was nolle prossed, he failed to make any good faith effort to serve the complaint until 19 months after it was filed. Therefore, Appellant failed to toll the statute of limitations. The trial court also determined Appellant failed to produce any evidence to support his claim that Appellees initiated the proceedings without probable cause.

Appellant timely appealed the March 21, 2016 summary judgment order. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant asks us to consider four issues, which we have reordered for ease of discussion:

1. Did not the judge err in ruling that [Appellant's] claim was time barred by the statute of limitations?

2. Did not the judge err in granting [Appellees'] summary judgment motion although [Appellees] failed to complete

- 2 -

discovery in compliance with the judge's order compelling discovery?

3. Did not the judge err in granting [Appellees'] summary judgment motion although there were material issues of fact in dispute?

4. Did not the judge err in ruling that there was probable cause to arrest although [Appellee] Amoroso's own testimony showed there was no probable cause, in addition to the numerous exhibits and pleading submitted by [Appellant]?

Appellant's Brief at 3.

We begin by setting forth our scope and standard of review. As this Court has recognized:

In reviewing an order granting summary judgment, our scope of review is plenary, and our standard of review is the same as that applied by the trial court. Our Supreme Court has stated the applicable standard of review as follows: [A]n appellate court may reverse the entry of a summary judgment only where it finds that the lower court erred in concluding that the matter presented no genuine issue as to any material fact and that it is clear that the moving party was entitled to a judgment as a matter of law. In making this assessment, we view the record in the light most favorable to the nonmoving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. As our inquiry involves solely questions of law, our review is de novo.

Thus, our responsibility as an appellate court is to determine whether the record either establishes that the material facts are undisputed or contains insufficient evidence of facts to make out a prima facie cause of action, such that there is no issue to be decided by the fact-finder. If there is evidence that would allow a fact-finder to render a verdict in favor of the non-moving party, then summary judgment should be denied.

*Harris v. NGK North American, Inc.*, 19 A.3d 1053, 1063 (Pa. Super. 2011) (quoting *Jones v. Levin*, 940 A.2d 451, 453-54 (Pa. Super. 2007)).

- 3 -

In his first issue, Appellant contends the trial court erroneously determined that Appellant's malicious prosecution action was barred by the statute of limitations. As the trial court noted, the parties stipulated to controlling dates during oral argument on Appellees' motion. Trial Court Rule 1925(a) Opinion, 5/20/16, at 6. Specifically, Appellant acknowledged that the underlying bad check charge was nolle prossed in May 2011 and that he filed his complaint on March 14, 2013, within the applicable two-year limitations period. *Id.* However, the "fil[ing of a] complaint within the time permitted by the applicable statute of limitations . . . is not the only requirement for correctly commencing a lawsuit. Service of process must also be properly effectuated." *Cahill v. Schults*, 643 A.2d 121, 123 (Pa. Super. 1994). The law in Pennsylvania, as established by *Lamp v. Heyman*, 366 A.2d 882 (Pa. 1976), and its progeny, requires that a plaintiff "refrain[] from a course of conduct which serves to stall in its tracks the legal machinery he has just set in motion." *Id.* at 889.

In *Englert v. Fazio Mechanical Services, Inc.*, 932 A.2d 122 (Pa. Super. 2007), this Court stated:

> It is well settled in this Commonwealth pursuant to *Lamp v. Heyman,* 469 Pa. 465, 366 A.2d 882 (1976), and *Farinacci v. Beaver County Industrial Development Authority,* 510 Pa. 589, 511 A.2d 757 (1986), that service of original process completes the progression of events by which an action is commenced. Once an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good faith effort to effectuate service. *Moses v. T.N.T. Red Star Express,* 725 A.2d 792 (Pa. Super. 1999), *appeal denied,* 559 Pa. 692, 739 A.2d 1058 (1999). "What

- 4 -

constitutes a 'good faith' effort to serve legal process is a matter to be assessed on a case by case basis." ***Id.*** at 796; ***Devine v. Hutt****,* 863 A.2d 1160, 1168 (Pa. Super. 2004) (citations omitted). "[W]here noncompliance with ***Lamp*** is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." ***Farinacci*** at 594, 511 A.2d at 759.

In making such a determination, we have explained:

> It is not necessary [that] the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of ***Lamp*** will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out may be sufficient to bring the rule in ***Lamp*** to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good faith on the part of the plaintiff.

> ***Devine, supra*** at 1168 (quoting ***Rosenberg v. Nicholson****,* 408 Pa. Super. 502, 597 A.2d 145, 148 (1991), *appeal denied,* 530 Pa. 633, 606 A.2d 903 (1992)). "[A]lthough there is no mechanical approach to be applied in determining what constitutes a good faith effort, it is the plaintiff's burden to demonstrate that his efforts were reasonable." ***Bigansky v. Thomas Jefferson University Hospital****,* 442 Pa. Super. 69, 658 A.2d 423, 433 (1995), *appeal denied,* 542 Pa. 655, 668 A.2d 1119 (1995).

***Id.*** at 124-25.

Here, the docket reflects that Appellant reinstated his complaint for the first time on September 9, 2014, a year and a half after it was initially filed, and that the complaint was first received in the sheriff's office for service on September 24, 2014. There is no suggestion that Appellant took any steps to effect service of his complaint from the time it was filed in March 2013 until he reinstated the complaint and instructed the sheriff to

serve it in September 2014. Trial Court Rule 1925(a) Opinion, 5/20/16, at 6.[1] As the trial court observed:

There is nothing on the docket to suggest that the Sheriff had any difficulty serving the Complaint when requested to do so. Because of [Appellant's] inaction (failure to request the Sheriff to serve the initial Complaint), and failure to make a good faith effort to promptly serve [Appellees] when the action was initially filed, the Statute of Limitations was not tolled until a new complaint was reinstated on September 9, 2014, after the Statute of Limitations had run.

*Id.* at 8.[2]

We find no error in the trial court's determination that Appellant's action was time-barred. As such, we find no error in the trial court's conclusion that Appellees were entitled to summary judgment. Appellant's first issue fails for lack of merit.

In his remaining three issues, Appellant contends the trial court erred in granting summary judgment despite Appellees' failure to complete discovery in compliance with the trial court's order, despite the existence of material issues of fact, and despite the lack of probable cause to arrest Appellant. In light of our disposition of Appellant's first issue, the remaining

---

[1] Appellant admitted that his complaint was not served on Appellees until October 2, 2014. Trial Court Rule 1925(a) Opinion, 5/20/16, at 6.

[2] We note in passing that Appellees properly raised the statute of limitations as an affirmative defense in the new matter filed to Appellant's complaint. Appellees' Answer and New Matter, 10/21/14, at 5 (New Matter at ¶ 1).

issues are rendered moot. Even if not moot, Appellant has failed to prove that the trial court committed any error.

With respect to Appellant's contention that Appellees failed to complete discovery, Appellant either failed to read or failed to understand the trial court's December 10, 2015 order issued in response to Appellant's Motion to Compel Discovery. That order directed Appellees to complete discovery within 30 days **or** request a hearing in objection to the order within ten days. As the docket reflects, Appellees did file a timely request for a hearing. Ultimately, a hearing was held on March 10, 2016 during which the trial court heard argument on, *inter alia*, Appellees' motion for summary judgment. Therefore, there is no merit to Appellant's contention that Appellees failed to comply with the trial court's order regarding discovery.

Appellant also argues that the trial court erred in granting summary judgment even though there were material issues of fact in dispute. Specifically, Appellant contends that "the conflicting evidence and the conflicting arguments based on that evidence *clearly* show that there are material issues of fact in dispute, and examining the record in the light most favorable to the Appellant, the nonmoving party, questions remain." Appellant's Brief at 11 (emphasis in original).

As the trial court explained, Appellant "has failed to adduce sufficient evidence on an issue essential to his case and on which he bears the burden

of proof." Trial Court Rule 1925(a) Opinion, 5/20/16, at 10. More precisely, Appellant "failed to produce and/or point to any evidence in the record to support his claim that [Appellees] instituted the underlying proceedings without probable cause." *Id.* We agree. There is no merit to this claim.

Finally, Appellant asserts that the trial court erred in concluding there was probable cause to arrest in spite of Appellee Amoroso's testimony. We disagree. The trial court indicated that the following facts were undisputed:

1. In May 2007, [Appellant] provided Davis Acura with a check which did not clear; (acknowledged by [Appellant] during oral argument)

2. The check was returned for insufficient funds; (acknowledged by [Appellant] during oral argument)

3. In 2007, [the dealership's finance manager] contacted the Middletown Township Police Department and told [Appellees] that [Appellant] presented Davis Acura with a bad check and failed to cover it in a timely fashion;

4. [Appellees] provided that information in an Affidavit of Probable Cause, which was approved by Magisterial District Judge John Kelly Jr.;

5. [The dealership] filed suit against [Appellant] to pursue a claim for money due;

6. [Appellant] failed to produce any evidence which suggests that [Appellees] did anything but act reasonably in response to allegations made to the police officers, by an employee of Davis Acura[.]

*Id.* at 10-11. Further, "[d]uring oral argument, [Appellant] conceded that he had obtained no verified statements from anyone to establish any fact which would support and/or suggest that [Appellees] acted maliciously in

- 8 -

this matter." *Id.* at 11 (citing *Chizmar v. Borough of Trafford*, 454 F.App'x. 100, 106 (3d Cir. 2011) (holding that a failure to show a lack of probable cause "also precludes a finding of malice")).

Appellant has failed to demonstrate the trial court erred in granting Appellees' motion for summary judgment. Therefore, we affirm the trial court's March 21, 2016 order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/23/2017

- 9 -