J-A31036-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| PAMELA J. FIGUEROA AND MARIO J. FIGUEROA, HER HUSBAND | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | No. 2041 EDA 2017 |
| COURTNEY EVANS | : | |

Appeal from the Order Entered June 2, 2017
In the Court of Common Pleas of Northampton County Civil Division at
No(s):  C-0048-CV-2015-1694

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY STEVENS, P.J.E.:                **FILED MARCH 26, 2018**

Appellants Pamela J. Figueroa and Mario J. Figueroa, husband and wife, appeal from the order granting summary judgment in favor of Appellee, Courtney Evans, in this negligence case.  Herein, Appellants contend the court erred when it concluded the statute of limitations barred Appellants' claims.  We affirm.

Appellants' causes of action stem from an automobile accident that occurred on or about February 28, 2013.  On February 23, 2015, Appellants, through counsel, commenced a lawsuit against Appellee by filing a Praecipe for a Writ of Summons alleging that her negligent operation of her vehicle caused Appellants to sustain personal injuries in the accident.

The docket indicates Appellants forwarded the summons to the Northampton County Sheriff and paid the Sheriff's service fee on February 27,

_____
*   Former Justice specially assigned to the Superior Court.

2015. The Sheriff, however, filed a Return of Service on March 9, 2015, indicating that service was not accomplished because, evidently, Appellee had moved without any indication as to a forwarding address.

Over one year passed without docket activity until, on March 30, 2016, the court *sua sponte* scheduled and conducted a preliminary status conference. By the Honorable Samuel P. Murray's order of March 30, 2016,[1] the court directed Appellants to file a petition to serve Appellee by publication no later than June 24, 2016. The order further listed the case for restatus on June 28, 2016. Order, 3/30/16 (C.R. #4). Appellants elected not to file a petition to serve by publication by June 24, 2016, but on that same date, counsel for Appellee filed her Entry of Appearance after Appellee apparently received notice of the restatus hearing from the Northampton County Courthouse.[2]

On June 28, the Honorable Michael J. Koury, Jr. conducted the restatus hearing, in which counsel for both parties participated telephonically. By the court's order of June 28, 2016, the court indicated that pleadings remained open, and it directed Appellants to accomplish service upon Appellee by August 15, 2016. Furthermore, the court established a discovery timetable ending on March 30, 2017, and scheduled a pretrial conference date of August 15, 2017. Order, 6/28/16 (C.R. #6).

---

[1] Judge Murray filed the order on May 5, 2016.

[2] There is no indication of record as to when the court notified Appellee or when Appellants learned that the court had located her.

On July 25, 2016, Appellants filed a praecipe to reissue the Writ of Summons and forward to the Sheriff for service at Appellee's address. C.R. ## 7, 8. Service by Sheriff was accomplished that same day, three years and five months after the accident in question.

On September 12, 2016, Appellee filed a praecipe to the Prothonotary to enter a rule upon Appellants to file a Complaint within 20 days of service of the praecipe or suffer a judgment of *non-pros*. C.R. # 9. On September 29, 2016, Appellants filed their Complaint and served a copy upon Appellee. C.R. # 11.

On October 13, 2016, Appellee filed an Answer and New Matter in which she averred, *inter alia*, that Appellants' delay in reissuing the Writ of Summons nearly 18 months beyond the statute of limitations warranted judgment in her favor. Defendant's Answer and New Matter, filed 10/13/16. Appellants filed their Answer on October 27, 2016, denying that the allegation of service beyond the statute of limitations warranted an answer at this time, as "[s]trict proof is demanded at the time of trial as to any affirmative defense raising the Statute of Limitations." Plaintiffs' Answer to New Matter, filed 10/27/16.

The parties, thereafter, participated in discovery through early March, 2017. At the close of discovery, Appellee filed a "Motion to Dismiss/Motion for Summary Judgment" requesting the court to dismiss the case with prejudice. Specifically, Appellee averred:

> 8. The Statute of Limitations for [the present action] is two years. 42 Pa.C.S.A. § 5524.

9.   [Appellee] was served a year and four months after the expiration of the Statute of Limitations.[3]

10.   The Writ of Summons was never reinstated until a year and a half after it was initially served.

11.   [Appellants] never attempted to serve the reinstated Writ until a year and a half after its initial attempt.

12.   By failing to reissue the Writ of Summons and taking no action to serve the [Appellee] in the last year and a half, [Appellants] did not timely and effectively prosecute this action.

…

15.   [Appellants] have failed to act with due diligence in the filing and prosecution of this action.

16.   [Appellants] did not act in good-faith in that they made no effort to file this action and serve the [Appellee] within the applicable Statute of Limitations.

17.   [Appellee] did not hide her whereabouts in that she received notice of the status conference notice [from the Northampton County Court].

Appellee's Motion to Dismiss/Motion for Summary Judgment, filed 3/27/17 at 2.

Appellee filed a praecipe for argument on her motions, and the court ordered that the parties submit briefs on the matter. On June 2, 2017, the

---

[3] The Motion to Dismiss/Motion for Summary Judgment avers that "[t]he Writ of Summons was reissued for the first time on July 25, 2016, and [Appellee] was finally served on July 25, 2016." Motion to Dismiss, filed 3/27/17, at 2. There is no dispute as to either the July 25, 2016 date of service or the date on which the statute of limitations expired, namely, February 28, 2015, two years from the date of the alleged car accident. Therefore, Appellants served Appellee nearly one year and five months after the statute of limitations expired.

Honorable F.P. Kimberly McFadden entered an Order granting summary judgment.

Relying on ***Englert v. Fazio Mechanical Services, Inc.***, 932 A.2d 122 (Pa.Super. 2007), the court found no indication in the record that Appellants made a good-faith attempt to effectuate service over the nearly 18 months that passed between the date of their initial attempt at service and the date of eventual service. "To the contrary," the court continued, "once the first attempt to serve the Writ of Summons failed in March of 2015, [Appellants] made no further attempts at service and the matter languished until the Court *sua sponte* scheduled a status conference a year later, in March 2016." Order of Court, filed 6/2/17, at 1.

Appellants timely appealed and filed a Pa.R.A.P. 1925(b) statement. They raise the following issues for our review:

> I. **DID THE LOWER COURT ERR IN APPLYING AS A MATTER OF LAW THE SUPERIOR COURT DECISION IN <u>ENGLERT V. FASIO [SIC] MECHANICAL SERVICES, INC.</u>, 932 A.2D 122 (PA.SUPER. 2007), AS SUCH CASE IS IN CLEAR CONFLICT WITH THE PENNSYLVANIA SUPREME COURT DECISION IN <u>FARANASHI V. BEAVER COUNTY INDUSTRIAL DEVELOPMENT AUTHORITY</u>, 510 PA. 589, 511 A.2D 757 (1986), BY FAILING TO REQUIRE UNDER THE <u>FARANASHI</u> OPINION EVIDENTIARY DETERMINATIONS AND FINDINGS OF FACT TO DETERMINE WHETHER GOOD-FAITH EFFORTS WERE MADE TO EFFECTUATE NOTICE?**
>
> II. **DID THE HONORABLE COURT BELOW ABUSE ITS DISCRETION IN NOT ACCEPTING AS TRUE THE FACTS PLED IN APPELLANT FIGUEROAS' ANSWER TO DISMISS TO THE MOTION FOR SUMMARY JUDGMENT**

WHEN THE DEFENDANT/APPELLEE RECEIVED THE ACTUAL NOTICE OF A STATUS CONFERENCE, WAS AWARE OF THE PROCEEDINGS THROUGH BOTH COUNSEL AND THE INSURANCE CARRIER, AND WHERE THE DEFENDANT'S WHEREABOUTS WERE NEVER DISCLOSED TO THE PLAINTIFFS UNTIL AFTER DEFENDANT/APPELLEE'S KNOWLEDGE OF THE SUIT?

III. DID THE HONORABLE COURT BELOW COMMIT AN ERROR OF LAW AND/OR ABUSE OF DISCRETION IN FAILING TO REALIZE THAT THE ORDER OF COURT ENTERED BY THE HONORABLE SAMUEL P. MURRAY ON MAY 5, 2016, MODIFIED BY THE HONORABLE MICHAEL J. KOURY, JR., ON JULY 6, 2016, AT A STATUS CONFERENCE PARTICIPATED IN BY ALL COUNSEL, WHICH GRANTED PLAINTIFF, WHO HAD FINALLY PROCURED AN ADDRESS IN PIKE COUNTY ON THE DEFENDANT/APPELLEE TO BE SERVED BY AUGUST 15, 2016, AN ORDER OF COURT COMPLIED WITH BY THE [APPELLANTS] AND AS REFERENCED BY PERSONAL SERVICE ON AUGUST 5, 2016 ON THE DOCKET?

IV. DID THE HONORABLE COURT BELOW FAIL TO APPLY AND/OR ENTER ANY LEGAL BASIS FOR PREJUDICE SUFFERED BY THE DEFENDANT/APPELLEE, BELIEVED TO BE A REQUIREMENT FOR DISMISSAL OF AN ACTION PURSUANT TO McCREESH V. CITY OF PHILADELPHIA, 585 PA. 211, 888 A.2D 664 (2005), IN THAT THE LAW REQUIRES A FINDING OF AN AFFECT [SIC] ON THE SUBSTANTIAL RIGHTS OF THE DEFENDANT/APPELLEE IN TERMS OF PREJUDICE TO THEIR CASE; SAID ISSUE BEING NOT ADDRESSED BY THE COURT BELOW AND NOT EXISTING FACTUALLY IN THE CASE?

Appellant's brief at 8.

"Our scope of review of a trial court's order granting or denying summary judgment is plenary[.]" *Krapf v. St. Luke's Hosp.*, 4 A.3d 642, 649 (Pa.Super. 2010). We may not disturb the order of the trial court unless

it committed an error of law or abused its discretion. ***Coleman v. Wyeth Pharms., Inc.***, 6 A.3d 502, 509 (Pa.Super. 2010).

> In evaluating the trial court's decision to enter summary judgment, we focus on the legal standard articulated in the summary judgment rule. Pa.R.C.P. 1035.2. The rule states that where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law, summary judgment may be entered. ... Failure of a non-moving party to adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof establishes the entitlement of the moving party to judgment as a matter of law. Lastly, we will review the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party.

***Id.*** (citation omitted); ***see also Lineberger v. Wyeth***, 894 A.2d 141, 146 (Pa.Super. 2006) (stating that "a record that supports summary judgment will either (1) show the material facts are undisputed[;] or (2) contain insufficient evidence of facts to make out a *prima facie* cause of action or defense and, therefore, there is no issue to be submitted to the jury."); ***Overly v. Kass***, 554 A.2d 970, 972 (Pa.Super. 1989) (stating that a court ruling upon a motion for summary judgment must ignore controverted facts contained in the pleadings and restrict its review to material filed in support of and in opposition to a motion for summary judgment and to those allegations in pleadings that are uncontroverted).

Because Appellant's first three issues coalesce to assert the court granted summary judgment in contravention of our decisional law and against the weight of the evidentiary record, we address the issues together.

The statute of limitations for personal injury actions in Pennsylvania is two years. *See* 42 Pa.C.S.A. § 5524. According to Appellants, Appellee's negligence caused their injuries on February 28, 2013, and they filed a Writ of Summons on February 23, 2015, five days prior to the expiration of the statute of limitations. Their attempt to serve Appellee at that time failed, however, as she had moved. Appellant did not attempt service again until one year and five months later.

> It is well settled in this Commonwealth pursuant to *Lamp v. Heyman*, 469 Pa. 465, 366 A.2d 882 (1976), and *Farinacci v. Beaver County Industrial Development Authority*, 510 Pa. 589, 511 A.2d 757 (1986), that service of original process completes the progression of events by which an action is commenced. Once an action is commenced by writ of summons or complaint the statute of limitations is tolled only if the plaintiff then makes a good-faith effort to effectuate service. *Moses v. T.N.T. Red Star Express*, 725 A. 2d 792 (Pa.Super.1999), *appeal denied*, 559 Pa. 692, 739 A.2d 1058 (1999). "What constitutes a 'good-faith' effort to serve legal process is a matter to be assessed on a case by case basis." *Id.* at 796; *Devine v. Hutt*, 863 A. 2d 1160, 1168 (Pa.Super.2004) (citations omitted). "[W]here noncompliance with *Lamp* is alleged, the court must determine in its sound discretion whether a good-faith effort to effectuate notice was made." *Farinacci* at 594, 511 A.2d at 759.

In making such a determination, we have explained:

> It is not necessary [that] the plaintiff's conduct be such that it constitutes some bad faith act or overt attempt to delay before the rule of *Lamp* will apply. Simple neglect and mistake to fulfill the responsibility to see that requirements for service are carried out

- 8 -

may be sufficient to bring the rule in **Lamp** to bear. Thus, conduct that is unintentional that works to delay the defendant's notice of the action may constitute a lack of good-faith on the part of the plaintiff.

**Devine, supra** at 1168 (quoting **Rosenberg v. Nicholson**, 408 Pa.Super. 502, 597 A.2d 145, 148 (1991), **appeal denied**, 530 Pa. 633, 606 A.2d 903 (1992)). "[A]lthough there is no mechanical approach to be applied in determining what constitutes a good-faith effort, it is the plaintiff's burden to demonstrate that his efforts were reasonable." **Bigansky v. Thomas Jefferson University Hospital**, 442 Pa.Super. 69, 658 A.2d 423, 433 (1995), **appeal denied**, 542 Pa. 655, 668 A.2d 1119 (1995).

**Englert**, 932 A.2d at 124-25.

Here, the trial court declared that it applied the "good-faith effort" test announced in **Englert** and determined that Appellants' inaction on the docket for over 13 months until the court *sua sponte* called a status hearing, along with their subsequent failure to serve Appellee for another four months, reflected the absence of a good-faith effort to effectuate service required by our decisional law. In response, Appellants contend that the court abused its discretion by failing to make evidentiary determinations and findings of fact to determine whether Appellants made good-faith efforts as required by **Faranashi**. **See** Appellant's brief, at 16-23.

In **Faranashi**, the Pennsylvania Supreme Court explained that evidentiary determinations must inform a trial court's exercise of sound discretion as to whether a plaintiff made a good-faith effort to effectuate notice. **Id**. at 511 A.2d at 759. Appellants appear to maintain the court could not have made the proper evidentiary determinations when it is apparent from

the record that Appellee had actual notice of the action by June 24, 2016, when counsel for Appellee entered her appearance, which was one month before Appellants reissued the Writ of Summons.

Our review of the record, however, establishes that the court centered its order granting summary judgment mainly on Appellants' election to remain idle for over 13 months after learning service failed because Appellant had moved from her residence. Over this evidentiary record, there is no dispute between the parties that Appellants made no attempt to locate Appellee for more than a year after the filing of their Writ and the expiration of the statute of limitations. While Appellants did notify Appellee's automobile insurance carrier of their suit in early March of 2015, just weeks after filing its initial Writ, there is nothing in the record showing that Appellants subsequently notified Appellee's insurer of their inability to locate Appellee. Also of probative value in assessing Appellants' good-faith effort was the Northampton County Prothonotary's ability to locate Appellee's current address and notify her of the June 28, 2016 restatus hearing, which supported Appellee's claim that her whereabouts had been a matter of public information.

Without a dispute of material fact concerning Appellants' lack of effort to effectuate service for thirteen months after the limitations period had expired, the trial court appropriately considered the present matter ripe for summary judgment. In this regard, the court properly applied the standard of review placing the burden of proof upon Appellants, as plaintiffs, to

demonstrate that their efforts to effectuate service were reasonable. **Englert**, **supra**. In so doing, the court looked to the evidentiary record, in accordance with **Faranashi**, and determined that Appellants failed to act reasonably.

We, therefore, discern no abuse of discretion with the court's reliance on **Englert** to assess the undisputed evidence before it. In **Englert**, the plaintiffs provided the sheriff with the wrong address of the defendants. A return of service indicated the defendants were not found, but the sheriff provided the defendants' new address. This document was also accessible on the Prothonotary's website.

Plaintiff's counsel, however, had moved his office and did not receive the notice from the sheriff. Despite knowing both that he had not received notice and that his new law office was experiencing unreliable mail service, counsel for plaintiffs allowed seven months to pass without action. Only then, when the defendant's insurer warned plaintiffs of the impending end of the statute of limitations period and counsel received the return of service, did plaintiffs file a praecipe to reissue the writ of summons. This was six days after the expiration of the limitations period.

After pleadings were closed, defendants filed for summary judgment asserting that plaintiffs' claims were barred by the statute of limitations. The trial court agreed and granted summary judgment in favor of defendants. On appeal, we affirmed, holding that the trial court had adhered to precedent requiring courts to inquire, on a case-by-case basis, whether a plaintiff acted in good-faith. Dispositive was the fact that plaintiffs:

took no action whatsoever once the writ was issued to ascertain whether service was properly made and relied instead on counsel's customary practice of waiting for word from the Sheriff's office, no matter how long that might take and in spite of the difficulties he had experienced receiving his mail in a timely manner. [Plaintiffs'] conduct clearly amounted to neglect … to fulfill the responsibility to see that requirements for service were carried out. In other words, [Plaintiffs'] inaction demonstrated an intent to stall the judicial machinery which was put into motion by the filing of the initial writ and simply cannot be excused. **McCreesh** at 227, 888 A.2d at 674.

Furthermore, and unlike in **McCreesh**, Plaintiffs did not provide defendants with actual notice of the commencement of the action within the applicable statute of limitations. . . . In short, our Supreme Court's decision in McCreesh to adopt a 'more flexible approach' to prevent 'dismissing claims based on technical failings' simply does not provide authority for granting relief to [Plaintiffs].

**Englert**, 932 A.2d at 127 (internal citation and quotation marks omitted).

We find **Englert** directly on point to the case *sub judice*. While neither plaintiffs in **Englert** nor Appellants in the present matter committed bad faith acts or overt attempts to delay process, their respective neglectful failures to carry out clearly defined responsibilities to effectuate service constituted a lack of good-faith. Accordingly, we discern no abuse of discretion in the court's exercise of discretion in granting summary judgment on this basis.

In Appellant's remaining claim, he argues that summary judgment was inappropriate where the court only made a finding of lack of good-faith effort without also finding that Appellants' delay in effectuating service prejudiced Appellee. We disagree.

"The Court in **McCreesh** stated that a plaintiff's claims could be dismissed only where 'plaintiffs have demonstrated an intent to stall the

judicial machinery **or** where plaintiff's failure to comply with the Rules of Civil Procedure has prejudiced defendant.'" **Englert**, 932 A.2d at 127 n.5 (quoting **McCreesh**, 888 A.2d at 674 (emphasis added)). As the Court stated these two grounds in the disjunctive, only one ground is required to support dismissal.

Here, as we have upheld the grant of summary judgment on the basis of Appellants' lack of good-faith effort, we need not examine the question of whether Appellee was prejudiced by service occurring nearly eighteen months after the expiration of the limitations period. **But see Englert**, 932 A.2d at 127 (concluding, in the alternative, that defendants/appellees were prejudiced because they were not provided actual notice of the action until after the statute of limitations had expired); **see also McCreesh**, 888 A.2d at 671 (stating that the purpose of the statute of limitations is to expedite litigation and discourage the presentation of stale claims that would prejudice the defense of such claims).

For the foregoing reasons, we affirm the Order entered below.
Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/26/18